**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **WILLIS HOLLINS**<br>**308 Valerie Arms Dr., Apt.4**<br>**Dayton, OH 45405**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**M&T BANK CORPORATION**<br>**One M&T Plaza**<br>**Buffalo, NY 14203**<br><br>**Defendant.** | : | **Case No. 3:26-cv-00100**<br><br>**Judge:** |

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Willis Hollins for his Complaint against M&T Bank Corporation states as follows:

## I. PRELIMINARY STATEMENT

1. This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*, 42 U.S.C. § 1981, and the Ohio Civil Rights Act, O.R.C. §4112, *et seq*.

2. Hollins alleges that Defendant violated his rights under state and federal law by discriminating against him on the basis of his race and disability and subsequently terminating him in retaliation for requesting a reasonable accommodation and for filing a Charge of Discrimination with the Equal Employment Opportunity Commission.

3. Hollins seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for the economic and noneconomic injuries suffered, injunctive

relief, equitable relief and punitive damages. Finally, Hollins seeks payment of his reasonable attorney fees and costs.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. §2000e, *et seq* and 42 U.S.C. §12101, *et seq*. This Court may assume supplemental jurisdiction over Plaintiff's claims under Ohio law pursuant to 28 U.S.C. § 1367 because his state law claims arise from the same case or controversy as his federal claims.

5. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III. PARTIES

6. Plaintiff Willis Hollins is a United States citizen and a resident of Dayton, Ohio. Hollins was employed as a Scrum Master at M&T Bank.

7. Defendant M&T Bank Corporation ("M&T") is a bank, which both operates and is headquartered in Buffalo, New York.

## IV. ADMINISTRATIVE HISTORY

8. On or about August 12, 2025, Hollins dual filed a charge of discrimination with the Equal Employment Opportunity Commission and the New York State Division Of Human Rights alleging that he was being discriminated against because of his race. (Charge No. 525-2025-00517).

9. On or about October 17, 2025, M&T terminated Hollins' employment. Thereafter, on December 16, 2025, Hollins timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission

alleging retaliation and discrimination on the basis of his race and disability and for filing his first charge of discrimination with the EEOC. (Charge No. 473-2026-01172).

10. The EEOC issued a Notice of Right to Sue for Charge No. 525-2025-00517 on December 30, 2025.

11. The EEOC issued a Notice of Right to Sue for Charge No. 473-2026-01172 on February 11, 2026.

12. Hollins has filed suit within 90 days of receiving each Notice of Right to Sue.

## V. STATEMENT OF THE CASE

13. M&T hired Hollins in 2021 to work as a scrum master. As a scrum master, Hollins was responsible for mentoring and coaching team members.

14. At the time of hiring, Hollins worked remotely from Tennessee and Ohio, as COVID-19 restrictions at M&T had not yet been lifted.

15. Thereafter, in 2023, M&T transitioned employees to in-office work and required Hollins to relocate to New York from Ohio.

16. Hollins is African American.

17. For the first three years of Hollins' employment, he reported to Chauntisse Foster, an African American female. While reporting to Foster, Hollins received positive performance reviews.

18. In November 2023, Hollins began reporting to John "Noah" Sellars, a Caucasian male.

19. For the first several months that Hollins reported to Sellars, he provided Hollins with little performance feedback.

20. Then, in early 2024, Sellars placed Hollins on a performance improvement plan. Prior to being placed on the performance improvement plan, Hollins had received no documented coaching or negative performance feedback.

21. Hollins learned that Sellars had also suddenly placed several other similarly situated African American employees on performance improvement plans at the same time.

22. In early 2024, Hollins suffered a fall and sustained injuries to his hips and back. It became incredibly painful for him to sit for extended periods of time. Because of these injuries, Hollins requested a reasonable accommodation to work remotely. Sellars approved his request and Hollins returned to Ohio, where he began working remotely.

23. Several months after approving Hollins' request, Sellars changed course and requested that Hollins submit a formal workplace accommodation request.

24. At his direction, in or about July or August 2024, Hollins submitted a formal workplace accommodation request to work remotely. M&T granted the request to work remotely for a duration of one year. Thus, Hollins continued to work remotely from Ohio.

25. In or around November 2024, near the time of the presidential election, Sellars began to make political and racially charged comments during work meetings. Sellars expressed satisfaction with the results of the recent election and stated that, "you people will learn your place" referring to African American employees in a meeting with several African American employees present.

26. Throughout 2024 and 2025, Hollins remained on the performance improvement plan. During this time, Sellars did not provide Hollins with guidance for how he could

be taken off of the performance improvement plan, nor did he provide Hollins with a timeline for which he would remain on the performance improvement plan.

27. In or about early 2025, M&T transitioned Hollins from the mobile and online banking department to the mortgage department.

28. Thereafter, Hollins began transitioning from reporting to Sellars to Brandon Ketteman.

29. While reporting to Ketteman, Hollins received positive performance feedback.

30. Prior to transitioning to the mortgage department, in or about early 2025, Sellars informed Hollins that M&T no longer wanted him to work remotely. Hollins responded that he was working remotely pursuant to a previously provided medical accommodation. Sellars stated that Hollins would need to request an extension to his accommodation in order to continue working remotely.

31. Thus, in or about July or August 2025, Hollins requested an extension for his previously provided workplace accommodation to work remotely.

32. On August 12, 2025, Hollins filed a charge of discrimination with the EEOC alleging that M&T and Sellars were discriminating against him on the basis of his race, and that Sellars' racist comments had created a hostile working environment.

33. On September 17, 2025, one month after Hollins filed the charge of discrimination with the EEOC and submitted his request for an extension of his accommodation, M&T placed him on administrative leave, claiming it was "restructuring his department."

34. On October 17, 2025, M&T terminated Hollins.

## VI. STATEMENT OF THE CLAIMS

### Count I: Disability Discrimination
### (ADA and O.R.C. § 4112.02)

35. Plaintiff incorporates the previous paragraphs numbered 1-34 as if fully rewritten and restated herein.

36. Plaintiff suffers from a disability that causes severe pain in his lower back and hips when sitting for extended periods of time and substantially impacts major life activities.

37. Plaintiff is qualified to perform the essential functions of his position with a reasonable accommodation.

38. Defendant was aware of Plaintiff's disability.

39. There is a causal connection between Plaintiff's disability and the adverse action Defendant took against Plaintiff.

40. Defendant acted with malice, recklessness, and a conscious disregard for Plaintiff's rights to be free from unlawful discrimination under state and federal law.

41. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered substantial damages and is entitled to judgment.

42. Defendant's actions violated state and federal law.

**Count II: Race Discrimination**
**(Title VII, O.R.C. § 4112.02 & 42 U.S.C. § 1981)**

43. Plaintiff incorporates the previous paragraphs numbered 1-42 as if fully rewritten and restated herein.

44. Plaintiff is African American.

45. Defendant subjected Plaintiff to disparate treatment on the basis of his race.

46. Defendant had actual knowledge of the disparate treatment, both of specific instances of harassing conduct and of the hostile environment created by the pervasiveness of the harassment.

47. Plaintiff is not aware of any remedial action taken by Defendants to correct the harassment.

48. To the extent Defendant took any remedial action, it was inadequate and unreasonable.

49. Plaintiff is not aware of similarly situated white employees being placed on indefinite performance improvement plans.

50. There is a causal connection between Plaintiff's race and the adverse action Defendant took against Plaintiff.

51. Defendant acted with malice, recklessness, and a conscious disregard for Plaintiff's rights to be free from unlawful discrimination under state and federal law.

52. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered substantial damages, including emotional distress, and is entitled to judgment.

53. Defendant's actions violated state and federal law.

**Count III: Retaliation**
**(ADA and O.R.C. § 4112.02)**

54. Plaintiff incorporates the previous paragraphs numbered 1-53 as if fully rewritten and restated herein.

55. Plaintiff engaged in a protected activity when he initiated the process of requesting a reasonable accommodation for his disability.

56. Defendant was aware of the protected activity.

57. The acts and/or omissions of Defendant were taken intentionally, maliciously, and purposefully, with a conscious disregard for Plaintiff's rights under federal and state civil right laws.

58. There is a causal connection between Plaintiff's protected activity and the adverse action Defendant took against Plaintiff.

59. Defendant acted with malice, recklessness, and a conscious disregard for Plaintiff's rights.

60. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered substantial damages and is entitled to judgment.

61. Defendant's actions violated state and federal law.

**Count IV: Retaliation**
**(Title VII, O.R.C. § 4112.02 & 42 U.S.C. § 1981)**

62. Plaintiff incorporates the previous paragraphs numbered 1-61 as if fully rewritten and restated herein.

63. On August 12, 2025, Plaintiff filed a charge of discrimination with the EEOC alleging that he was being discriminated against on the basis of his race.

64. Plaintiff engaged in a protected activity when he filed a charge of discrimination with the EEOC.

65. Defendant was aware of the protected activity.

66. The acts and/or omissions of Defendant were taken intentionally, maliciously, and purposefully, with a conscious disregard for Plaintiff's rights under federal and state civil right laws.

67. There is a causal connection between Plaintiff's protected activity and the adverse action Defendant took against Plaintiff.

68. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered substantial damages and is entitled to judgment.

69. Defendant's actions violated state and federal law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against M&T Bank Corporation as follows:

1. An award of compensatory damages for all economic damages suffered by Plaintiff in an amount to be determined at trial, plus interest;

2. An award of compensatory damages for all noneconomic damages suffered by Plaintiff, including for emotional distress, pain and suffering, in an amount to be determined at trial;

3. An award of punitive damages;

4. An award of Plaintiff's reasonable attorney fees and costs; and

5. An award of any other relief in law or equity to which Plaintiff is entitled.

Respectfully submitted,

**THE BUTLER TRIAL FIRM**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Natalie C. Housley (OH No. 104676)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513-621-8800
Fax: 513-621-8833
bbutler@butlertrialfirm.com
nhousley@butlertrialfirm.com

*Attorneys for Plaintiff Willis Hollins*

**JURY DEMAND**

Plaintiff Willis Hollins demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)